## HILL *v*. CROWLEY.

### Decided February 13, 1892.

*Marshalling assets—Injunction.*

A creditor who holds judgment against a solvent administrator will be restrained from resorting to property purchased from the administrator's surety, subject to the lien of the judgment, until he has exhausted his remedy against the administrator.

APPEAL from *Greene* Circuit Court in chancery.

J. E. RIDDICK, Judge.

*J. C. Hawthorne*, for appellant.

1. Crowley is primarily liable for the Mellon judgment. Davis was only his surety, and Crowley's property should be first subjected to sale to pay the judgment. Mrs. Mellon should be compelled to exhaust her remedy against Crowley

before resorting to Davis' lands. 40 Ark., 104; 10 S. E. Rep., 798: 10 N. Y., 178; 94 N. Y., 98; 32 Ark., 478. A surety is not bound to pay until the principal is unable to pay. Hempst., 14; 97 N. Y., 81; 41 N. J. Eq., 519. See 4 Johns. Chy., 17; 17 Vesey, 520; 2 Barb. Chy., 458; 1 Sandf., N. Y., 211; 11 Paige, Ch., 52.

2. The lien of the judgment had expired. Mansf. Dig., sec. 3918; 13 Ark., 543; 19 *id.*, 298. And they had the right to enjoin. 5 Cow., 294; 1 *id.*, 431; 5 Paige, 493; 2 *id.*, 262; 2 Ohio, 471; 5 Ohio, 178.

*Williams & Shinn* for appellees.

Davis is primarily the debtor; the judgment against Lester's administrator was controlled and collected by him, and converted and appropriated by him. He was a trustee, and primarily liable. The relation of surety is merely nominal, and Davis is the person who owes Mrs. Mellon the money. The lien of the Mellon judgment was on the land when appellant purchased, and when the execution was levied and the land seized. The seizure of the land was a fixing of the lien of the execution, which attached from the time the writ came to his hands. Mansf. Dig., sec. 2991. The time an injunction is pending is not counted. Mansf. Dig., secs. 4500, 3757. 13 Ark., 540, does not sustain appellant's contention, but if it does it is not law. See *ib.*, p. 556.

HUGHES, J. On the 27th day of October, 1887, the appellee, Lucy Mellon, recovered a judgment in the Greene circuit court, against her co-appellee, B. H. Crowley, and A. M. Davis, as surety upon the bond of Crowley, as administrator of the estate of Thomas J. Mellon, deceased, in whose estate Mrs. Mellon was entitled to dower as the widow of said Thomas J. Mellon. The judgment was for the sum of one thousand seven hundred and eighty-nine and 65-100th dollars. Afterwards, on the 3d of June, 1889, Davis by warranty deed conveyed to appellants certain lands situate in Greene county. After the conveyance, on the 20th of De-

cember, 1889, Lucy Mellon caused execution to be issued on her judgment and levied upon the lands conveyed by Davis to the appellants, by the sheriff of Greene county, T. R. Wilcoxson, who advertised the same to be sold.

It appears that no effort was made to collect the debt from Crowley, the principal in the bond, who is alleged to be solvent, which is not denied. It was also alleged in the complaint in this cause that Davis was insolvent, which was not denied. The sale of the Davis lands, then owned by appellants, was advertised to be made on the 26th of February, 1890.

The claim upon which Mrs. Mellon recovered judgment against Crowley and Davis, his surety, was based upon a judgment, which she had previously recovered against Crowley as administrator of the estate of Thomas J. Mellon, deceased, for her dower interest in said estate.

On the 13th day of February, 1890, the appellants filed their complaint in equity setting out substantially the above facts, and averred that the lands they bought of Davis were not primarily liable to be sold for the satisfaction of the Mellon judgment, and that the property of Crowley should be subjected to sale before that of the appellants; that if the lands they bought of Davis should be sold, it would cast a cloud upon their title, etc. They prayed for a temporary restraining order, and that upon final hearing, if it appeared that Crowley was able to pay the judgment, the defendants, Lucy Mellon, Wilcoxson, the sheriff, and B. H. Crowley be perpetually enjoined from selling the lands. A temporary restraining order was granted May 30, 1890. The appellants then amended their complaint by adding an averment that the lien of the judgment had expired, and asked that for that reason also the injunction be made perpetual. Neither Mrs. Mellon nor Wilcoxson answered.

Crowley answered and averred that A. M. Davis had collected all the money due him as administrator of the estate of Thomas J. Mellon, deceased, and converted it to his own use. That the judgment, which was assets of said estate

in his hands, was assigned to A. M. Davis without his knowledge.

The proof showed that the judgment upon which the execution in this case issued was against Crowley as principal and Davis as surety; that the judgment in favor of Crowley as administrator of the estate of Mellon was assigned to Trabue, Davis & Co., of Louisville, Ky., by B. H. Crowley as administrator, etc., by his attorney of record, T. J. Ratcliffe, on a paper attached to the margin of the record of the judgment, on the 12th of August, 1879. It also appeared that A. M. Davis collected the money from Crowley as agent for Trabue, Davis & Co., and had no interest in it; that he paid all the money collected from Mellon's estate by him to Trabue, Davis & Co., and that he, A. M. Davis, was insolvent.

The judgment against Crowley and Davis as surety, assuming that the lien had not expired, was a lien upon the lands of Davis, which he sold to appellants, but he was merely the surety of Crowley as administrator and received nothing from the assets of Mellon's estate or from Crowley as administrator, and was insolvent; and inasmuch as Crowley, through his attorney, Ratcliffe, assigned the judgment to Trabue, Davis & Co. in which Mrs. Mellon had a dower interest, and thereby converted the interest of Mrs. Mellon in said judgment, he is primarily liable; and inasmuch as it appears that Crowley is admitted to be solvent, Mrs. Mellon should resort first to the property of Crowley for the satisfaction of her judgment. The contention that A. M. Davis converted to his own use assets of the estate of Mellon is not sustained by the proof. As agent only of Trabue, Davis & Co., he collected and paid to them the judgment assigned to them by Crowley as administrator of Mellon's estate. It is not contended or shown that he was a member of the firm of Trabue, Davis & Co., or connected with them in any way, save as stated. "Where one party has a lien on or interest in two estates and another has a lien on or interest in one of those estates only, the latter is

entitled to throw the former upon that estate which he cannot reach, if that be necessary to adjust the rights of both parties and can be done without prejudice to him who holds the double security. In administering the equities, the court does not assume to divest or postpone (a prior) incumbrance, but simply to so apply and limit it that equal justice may be done to all concerned in the fund to which it attaches." *Howell* v. *Duke,* 40 Ark., 104, and cases there cited.

The sale of appellants' land, conveyed by A. M. Davis to them, must be enjoined only until the property of Crowley subject to execution can be subjected to the payment of Mrs. Mellon's judgment. In the event of the satisfaction of the judgment by Crowley, or by the sale of his property, the injunction against the sale of appellants' property will be made perpetual.

In the view we have taken of the case, it becomes unnecessary to determine whether the lien of the Mellon judgment had expired when the amendment to appellants' complaint was filed or not.

Let the judgment be reversed with directions as above indicated.